# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 23-14024-CR-MARTINEZ/MAYNARD

UNITED STATES OF AMERICA,

v.

LUIS ESCOTO,

Defendant.

_____/

## PLEA AGREEMENT

The United States of America and **LUIS ESCOTO,** (hereinafter referred to as the "Defendant") enter into the following agreement:

1.    The Defendant agrees to plead guilty to Count Four of the Indictment, which charges the Defendant with Production of visual depictions of sexual exploitation of minors, in violation of Title 18, United States Code, Sections 2251(a) and (e).

2.    This Office agrees to seek dismissal of Count One, Two, Three, Five, Six of the Indictment after sentencing.

3.    The Defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter Sentencing Guidelines).   The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying, in part, on the results of a Pre-Sentence Investigation by the Court's Probation Office, which investigation will commence after the guilty plea has been entered.  The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that

1

advisory sentence under the Sentencing Guidelines.  The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.  Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph one and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.  The Defendant is also aware that a sentence imposed under the guidelines does not provide for parole.

4.      The Defendant also understands and acknowledges that the Court must impose a mandatory minimum of fifteen (15) years imprisonment and may impose up to the statutory maximum term of thirty (30) years' imprisonment, followed by a term of supervised release of five (5) years up to life.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order forfeiture.  There is also mandatory restitution.

5.      The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $5,000 will be imposed on the Defendant, unless he is deemed indigent.  If Defendant is deemed indigent, the special assessment is $100.  The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.  If a Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6. The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any visual depiction of a minor engaged in sexually explicit conduct, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in the commission of the offense(s), in violation of 18 U.S.C. § 2251, 2251A, 2252, 2252A, 2252B, or 2260; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense(s); and any property, real or personal, used or intended to be used to commit or promote the commission of such offense(s), or any property traceable to such property, pursuant to 18 U.S.C. § 2253(a)(2) and the provisions of 21 U.S.C. § 853.

7. Pursuant to 18 U.S.C. § 2259, Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. Defendant acknowledges that pursuant to 18 U.S.C. § 2259(a), the Court is required to order restitution for the full amount of the victims' compensable losses as defined at 18 U.S.C. § 2259(b)(3) and(c) as may be proved by the United States or stipulated to by the parties. Defendant acknowledges that the Court may not decline to award restitution because of the Defendant's economic circumstances or the fact that the victims have or are entitled to receive compensation for their injuries from the proceeds of insurance or any other source.

8. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. Defendant further agrees to comply with any restitution order entered into at the time of sentencing. Defendant further agrees that Defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. Defendant agrees to make full restitution for the

provable losses caused by Defendant's activities. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

9.      Defendant further agrees to make full and accurate disclosure of his financial affairs to the United States. Specifically, Defendant agrees that, before sentencing, Defendant shall provide to the United States, under penalty of perjury, a financial statement, which shall identify all assets owned or held directly or indirectly by Defendant. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since the date of indictment, including the location of the assets and the identity of the third parties.

10.     The parties will jointly recommend that as a condition of probation or supervised release, Defendant will notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until the fine or restitution is paid in full. See 18 U.S.C. § 3664(k), (n).

11.     The parties will also jointly recommend that as a condition of probation or supervised release, Defendant will notify the Financial Litigation Unit, United States Attorney's Office, before Defendant transfers any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. See 18 U.S.C. § 3664(k), (n).

12.     The Defendant further agrees that whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613. If the Court imposes a schedule of payments, the Defendant

4

understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment." If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

13.     The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the USAO further reserves the right to make any recommendation as to the quality and quantity of punishment.

14.     The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility.  If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, the Government will make a motion requesting an additional one-level decrease, pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.  The United States, however, will not be required to make this motion if the Defendant:

a.     fails or refuses to make full, accurate and complete disclosure to the Probation Office of the circumstances surrounding the relevant offense conduct;

5

b.    is found to have misrepresented facts to the Government prior to entering this plea agreement; or,

c.    commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any Governmental entity or official.

15.    This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence of 20 years of incarceration, followed by a period of at least Fifteen (15) years of supervised release.

16.    The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the Government, or the probation office, is a prediction, not a promise, and is not binding on the Government, the probation office or the Court. The Defendant understands further that any recommendation that the Government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph three above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the Government, or a recommendation made jointly by both the Defendant and the Government.

17.    Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a

separate proceeding, however, and Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

18.     Defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life. Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person Defendant's sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If Defendant resides in Florida following release from prison, Defendant will be subject to the registration requirements of F.S. 775.21 and F.S. 943.0435. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement following conviction.

19.     As a condition of supervised release, Defendant shall initially register with the state sex offender registration in Florida and shall also register with the state sex offender registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and

state sex offender registration laws, including the requirement to update Defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

20.     The Defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the Government's case as well as the following rights: to go to trial, to cross-examine the Government's witnesses, to testify in his own behalf, to not be compelled to provide self-incriminating testimony, to call witnesses for the defense, and to appeal any adverse verdict that may result from a trial. The Defendant further acknowledges that he is fully satisfied with the representations provided by his attorney.

21.     This is the entire agreement and understanding between the United States and the Defendant. There are no other agreements, promises, representations, or understandings between the United States and the Defendant.


MARKENZY LAPOINTE
UNITED STATES ATTORNEY

DATE: 4/9/24          BY: _____

                          CARMEN M. LINEBERGER
                          ASSISTANT UNITED STATES ATTORNEY

DATE: 3/22/24          _____

                          KAFAHNI NKRUMAH
                          ATTORNEY FOR DEFENDANT

DATE: 3/22/24          _____

                          LUIS ESCOTO
                          DEFENDANT

8